**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

KENNETH STERN; an individual, on behalf of himself
and all others similarly situated,

                Plaintiff,

     v.

ROCKET MORTGAGE, LLC.,

                Defendant.

---

Case No. 2:21-cv-06879-PKC-AYS

**ROCKET MORTGAGE, LLC'S MEMORANDUM OF LAW IN**
**<u>SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT</u>**

## TABLE OF CONTENTS

INTRODUCTION.................................................................................................1

BACKGROUND ................................................................................................4

LEGAL STANDARD .........................................................................................6

ARGUMENT .....................................................................................................7

   I.   THE COMPLAINT SHOULD BE DISMISSED BECAUSE PLAINTIFF DID NOT COMPLY WITH THE CONTRACTUAL REQUIREMENT THAT HE PROVIDE PRE-SUIT NOTICE AND AN OPPORTUNITY TO CURE. .......................................................................................................7

  II.  NONE OF PLAINTIFF'S SEVEN (7) CLAIMS STATES A COGNIZABLE CLAIM. ...............................................................................................8

      A.  PLAINTIFF'S FEDERAL TILA CLAIM SHOULD BE DISMISSED BECAUSE TILA DOES NOT APPLY TO HIS CLOSED-END MORTGAGE TRANSACTION. ..................................8

      B.  PLAINTIFF'S REMAINING CLAIMS MUST BE DISMISSED FOR NUMEROUS INDEPENDENT AND ADEQUATE REASONS. ...................................11

          1.  Plaintiff's Claims for Breach of Fiduciary Duty and Negligence Should Be Dismissed Because Rocket Mortgage Owed No Special Duty To Plaintiff, and the Independent Tort Doctrine Forecloses the Claims......................................................... 11

          2.  Plaintiff's Breach of Contract Claim Should Be Dismissed Because Plaintiff Identifies No Specific Mortgage Provision Allegedly Breached and Because it is Foreclosed by the Mortgage's Express Language.................................................... 14

          3.  Plaintiff's Claim For Breach of the Covenant of Good Faith and Fair Dealing Should Be Dismissed For The Same Reasons As the Breach of Contract Claim and Because There is No Abuse of Discretion Alleged. ....... 17

          4.  Plaintiff's Fraud Claim Should Be Dismissed Because Plaintiff Has Failed to Sufficiently Allege Any of the Elements and Because it Violates the Independent Tort Doctrine. .......................................... 18

          5.  Plaintiff's Unjust Enrichment Claim Should Be Dismissed Because the Parties' Relationship is Governed By the Express Mortgage Contracts.................................................... 21

CONCLUSION .................................................................................................22

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Akiki v. Bank of Am., N.A.*,
632 F. App'x 965 (11th Cir. 2015) ....................................................................12

*Alhassid v. Nationstar Mortg. LLC*,
771 F. App'x 965 (11th Cir. 2019) ...............................................................4, 22

*Alvarez Rodriguez v. Branch Banking & Tr. Co.*,
2020 WL 5640399 (S.D. Fla. July 9, 2020)......................................................20

*Alvarez v. Royal Caribbean Cruises, Ltd.*,
905 F. Supp. 2d 1334 (S.D. Fla. 2012) .............................................................14

*Arons v. Lalime*,
3 F. Supp. 2d 314 (W.D.N.Y. 1998) ...................................................................6

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)............................................................................................6

*Asper v. Wells Fargo Bank, N.A.*,
2018 WL 2287331 (S.D. Cal. May 18, 2018)........................................2, 9, 10, 11

*Barnett v. Countrywide Bank, FSB*,
60 F. Supp. 3d 379 (E.D.N.Y. 2014) ..................................................................6

*Barrakuda Ltd. v. Zazaby Jewels, Inc.*,
2021 WL 2454467 (S.D. Fla. May 14, 2021) ....................................................20

*Bell Atl. Corp. v. Twombly*,
550 U.S. 554 (2007).............................................................................................6

*Best v. Bank of Am., N.A.*,
2015 WL 5124463 (E.D.N.Y. Sept. 1, 2015) ......................................................4

*Brush v. Miami Beach Healthcare Grp. Ltd.*,
238 F. Supp. 3d 1359 (S.D. Fla. 2017) ..........................................................3, 14

*Burdick v. Bank of Am., N.A.*,
99 F. Supp. 3d 1372 (S.D. Fla. 2015) ................................................................12

*Burger King Corp. v. Weaver*,
169 F.3d 1310 (11th Cir. 1999) ......................................................................3, 17

*Cosmas v. Hassett*,
886 F.2d 8 (2d Cir. 1989)....................................................................................6

*Degutis v. Fin. Freedom, LLC*,
  978 F. Supp. 2d 1243 (M.D. Fla. 2013) ................................................................17

*Diaz v. Nationstar Mortg., LLC*,
  2021 WL 716637 (S.D. Fla. Jan. 25, 2021) ....................................................17, 20

*Done v. HSBC Bank USA*,
  2010 WL 3824142 (E.D.N.Y. Sept. 23, 2010) .........................................................4

*Dorvil v. Nationstar Mortg. LLC*,
  2019 WL 1992932 (S.D. Fla. Mar. 26, 2019) .........................................................20

*Farrell v. Fla. Republicans*,
  2013 WL 5498277 (M.D. Fla. Oct. 1, 2013) ...........................................................12

*Fed. Deposit Ins. Corp. v. Law Office of Rafael Ubieta, P.A.*,
  2012 WL 5307152 (S.D. Fla. Oct. 29, 2012) ..........................................................14

*Giotta v. Ocwen Fin. Corp.*,
  2016 WL 4447150 (N.D. Cal. Aug. 24, 2016), *aff'd sub nom. Giotta v. Ocwen
  Loan Servicing, LLC*, 706 F. App'x 421 (9th Cir. 2017) ..........................................8

*Graham v. Wilmington Sav. Fund Soc'y*,
  2020 WL 2561886 (D. Haw. May 20, 2020) ...........................................................10

*Hack v. Wachovia Bank, N.A.*,
  2012 WL 3043017 (S.D. Fla. Jul. 25, 2012) ...........................................................19

*Heyward v. Wells Fargo Bank, NA*,
  2020 WL 10353829 (M.D. Fla. Oct. 6, 2020) .........................................................17

*Hill v. Nationstar Mortg. LLC*,
  2015 WL 4478061 (S.D. Fla. July 6, 2015).........................................................2, 8

*Hopkins Pontiac GMC, Inc. v. Ally Fin. Inc.*,
  60 F. Supp. 3d 1252 (N.D. Fla. 2014)................................................................3, 16

*Jackson v. Ocwen Loan Serv., LLC*,
  2011 WL 4345449 (S.D. Fla. 2011) ........................................................................19

*Johnson v. Countrywide Home Loans, Inc.*,
  2010 WL 5138392 (E.D. Va. Dec. 10, 2010) ...........................................................8

*In re Kachkar*,
  769 F. App'x 673 (11th Cir. 2019) ..........................................................................22

*Kirchner v. Ocwen Loan Servicing, LLC*,
   257 F. Supp. 3d 1314 (S.D. Fla. 2017), *appeal dismissed,* 2017 WL 5185306
   (11th Cir. Sept. 21, 2017)......................................................................................21

*Kurzban v. Specialized Loan Servicing, LLC*,
   2018 WL 1570370 (S.D. Fla. Mar. 30, 2018)..........................................................8

*Live Nation Worldwide, Inc. v. Cohl*,
   2011 WL 13223506 (S.D. Fla. Apr. 4, 2011) ........................................................18

*McLaughlin v. Anderson*,
   962 F.2d 187 (2d Cir. 1992).....................................................................................6

*Mendez v. U.S. Bank Nat'l Ass'n*,
   2017 WL 5634940 (S.D. Fla. Jul. 24, 2017)..............................................3, 18, 20

*Moragon v. Ocwen Loan Serv. LLC*,
   2018 WL 3761036 (M.D. Fla. June 22, 2018).......................................................16

*Mortg. Contracting Servs., LLC v. J&S Prop. Servs. LLC*,
   2018 WL 3219386 (M.D. Fla. July 2, 2018) .........................................................13

*Mount Sinai Med. Ctr. of Greater Miami, Inc. v. Heidrick & Struggles, Inc.*,
   329 F. Supp. 2d 1309 (S.D. Fla. 2004) ............................................................3, 18

*Nafta Traders, Inc. v. Corckcicle, LLC*,
   2020 WL 7422060 (M.D. Fla. May 27, 2020).....................................................4, 21

*Nichols v. BAC Home Loans Serv. LP*,
   2013 WL 5723072 (N.D.N.Y. Oct. 18, 2013) .....................................................9, 10

*Penner v. Indymac Bank, F.S.B.*,
   2013 WL 5970731 (M.D. Fla. Nov. 8, 2013) ........................................................12

*Price v. Lakeview Loan Servicing, LLC*,
   2021 WL 1610097 (M.D. Fla. Apr. 26, 2021)........................................................20

*Regal v. Butler & Hosch*,
   P.A., 2015 WL 11198248 (S.D. Fla. Oct. 8, 2015).................................................14

*Robaina v. Novastar Fin. Corp.*,
   2012 WL 12864929 (S.D. Fla. Oct. 3, 2012)......................................................2, 12

*Rodriguez v. Rushmore Loan Mgmt. Servs. LLC*,
   2019 WL 423375 (N.D. Ill Feb. 4, 2019) ...............................................................8

*Rosseau v. Green Tree Serv. LLC*,
   2015 WL 11197797 (S.D. Fla. May 7, 2015).......................................................2, 13

*Spears v. SHK Consulting & Dev., Inc.*,
    338 F. Supp. 3d 1272 (M.D. Fla. 2018).................................................................21

*Sun Life Assurance Co. of Can. v. Imperial Premium Fin., LLC*,
    904 F.3d 1197 (11th Cir. 2018) .............................................................................20

*Troope v . Bank of Am.*,
    2009 WL 10675624 (C.D. Cal. June 3, 2009) .......................................................10

*Weslowski v. Zugibe*,
    96 F. Supp. 3d 308 (S.D.N.Y. 2015).......................................................................6

*Wilkinson v. Wells Fargo Bank MN*,
    2007 WL 1414888 (E.D. Wis. May 9, 2007).........................................................10

*Wilson v. Bank of Am.*,
    2016 WL 8243182 (M.D. Fla. Dec. 13, 2016).................................................3, 13

*XP Global, Inc. v. AVM, L.P.*,
    2016 WL 6679427 (S.D. Fla. Nov. 14, 2016).......................................................13

**INTRODUCTION**

Plaintiff Kenneth Stern ("Plaintiff") attempts to make a federal case out of Rocket Mortgage, LLC's ("Rocket Mortgage") (f/k/a Quicken Loans, LLC)—a multiple J.D. Power award winner for highest customer satisfaction in mortgage servicing—proper application of his mortgage loan payments and proper charging of late fees when his payments were late in accordance with the terms of his mortgage contract. His attempt fails. This is because, among other reasons, (a) Plaintiff breached his mortgage contract with Rocket Mortgage by filing this lawsuit without first providing Rocket Mortgage with notice of his dispute and an opportunity to cure; (b) Plaintiff's seven (7) claims are all defectively pled and fail to state a claim upon which relief can be granted as a matter of law; and (c) Rocket Mortgage already has refunded the challenged fees to Plaintiff as a customer service accommodation so Plaintiff has nothing to complain about.[1]

As an initial matter, this Court should dismiss this lawsuit in its entirety because, in direct breach of his mortgage contract with Rocket Mortgage, Plaintiff did not provide Rocket Mortgage with notice of his dispute and an opportunity to cure before he filed this lawsuit. To avoid the burdens and costs of unnecessary and avoidable litigation like this lawsuit, Plaintiff's mortgage contract contains an express notice and opportunity to cure provision that must be complied with before filing a lawsuit concerning the servicing of Plaintiff's mortgage loan. Mortgage, Declaration of Alyssa A. Sussman ("Sussman Decl.") Exhibit 1 ("Ex. 1") ¶ 20. Plaintiff did not comply with that provision; indeed, the Complaint neither alleges compliance with the provision nor attaches any notice of the dispute. Under similar circumstances, federal

---

[1] In his Complaint, Plaintiff admits that Rocket Mortgage voluntarily refunded two (2) of the four (4) challenged late fees to Plaintiff before he filed this lawsuit. Cmplt. ¶ 16. It refunded the remaining two—totaling $99.18—shortly after the Complaint was filed.

district courts have not hesitated to dismiss lawsuits filed in breach of contractual notice and opportunity to cure provisions. *See, e.g., Hill v. Nationstar Mortg. LLC*, 2015 WL 4478061, at *3 (S.D. Fla. July 6, 2015). This Court should do the same here.

Even beyond this fatal defect, this lawsuit also must be dismissed because each of Plaintiff's seven (7) causes of action—for violation of Regulation Z of the federal Truth in Lending Act ("TILA") (First Cause of Action), breach of fiduciary duty (Second Cause of Action), breach of implied covenant of good faith and fair dealing (Third Cause of Action), breach of contract (Fourth Cause of Action), common law fraud (Fifth Cause of Action), negligence (Sixth Cause of Action), and unjust enrichment (Seventh Cause of Action)—fails to state a claim upon which relief can be granted.

<u>First</u>, Plaintiff's sole federal claim—for a violation of Subpart B of Regulation Z—must be dismissed because Subpart B does not apply to his refinance mortgage loan transaction—a closed-end credit transaction. Indeed, Subpart B applies only to open-end credit transactions like a credit card not at issue here. *See* 12 C.F.R. Part 1026.1(d)(2) ("Subpart B contains the rules for open-end credit" transactions); *Asper v. Wells Fargo Bank, N.A.*, 2018 WL 2287331, at *4 (S.D. Cal. May 18, 2018) (holding that Subpart B "applies only to open-end consumer credit plans, like credit card accounts").

<u>Second</u>, Plaintiff's claims for breach of fiduciary duty and negligence must be dismissed because Rocket Mortgage, as Plaintiff's mortgage servicer, owed no fiduciary duty to Plaintiff and owed no other duty arising from a special relationship that could support a negligence claim. *See Robaina v. Novastar Fin. Corp.*, 2012 WL 12864929, at *2 (S.D. Fla. Oct. 3, 2012) (dismissing claim for breach of fiduciary duty); *Rosseau v. Green Tree Serv. LLC*, 2015 WL 11197797, at *3 (S.D. Fla. May 7, 2015) (dismissing negligence claim). The breach of fiduciary

duty and negligence claims also are barred by the independent tort doctrine because they are based on the same alleged conduct as Plaintiff's breach of contract claim. *Wilson v. Bank of Am.*, 2016 WL 8243182, at * 2 (M.D. Fla. Dec. 13, 2016).[2]

Third, the breach of contract claim must be dismissed because (1) the Complaint does not identify any specific contractual provision that allegedly was breached (*see Brush v. Miami Beach Healthcare Grp. Ltd.*, 238 F. Supp. 3d 1359, 1366-68 (S.D. Fla. 2017)); and (2) it is foreclosed by the express language of Plaintiff's mortgage contract (*see Hopkins Pontiac GMC, Inc. v. Ally Fin. Inc.,* 60 F. Supp. 3d 1252, 1256-57 (N.D. Fla. 2014)).

Fourth, the claim for breach of the implied covenant of good faith and fair dealing must be dismissed because (1) the claim cannot lie in the absence of breach of an express term of the underlying contract (*see Burger King Corp. v. Weaver*, 169 F.3d 1310, 1316 (11th Cir. 1999)); and (2) the Complaint does not identify any contract term that granted Rocket Mortgage discretion that the company allegedly abused (*see Mount Sinai Med. Ctr. of Greater Miami, Inc. v. Heidrick & Struggles, Inc*., 329 F. Supp. 2d 1309, 1313 (S.D. Fla. 2004)).

Fifth, the fraud claim must be dismissed because Plaintiff has not plausibly alleged—let alone alleged with the particularity required by Fed. R. Civ. P. 9(b)—any of the required elements of the claim: (1) a false statement concerning a specific material fact; (2) defendant's knowledge of the falsity; (3) defendant's intent to induce plaintiff's reliance on the representation; and (4) injury resulting from plaintiff's reliance. *See Mendez v. U.S. Bank Nat'l Ass'n,* 2017 WL 5634940, at *4 (S.D. Fla. Jul. 24, 2017). The fraud claim also must be dismissed because it seeks recovery in tort for purported losses arising from the alleged breach of

---

[2]   Pursuant to the choice of law provision in Plaintiff's mortgage contract, Plaintiff's common and state law claims are governed by Florida law—*i.e.*, where the property securing Plaintiff's loan is located. Sussman Decl. Ex. 1 ¶ 16.

contract, in violation of the independent tort doctrine.  *See Nafta Traders, Inc. v. Corckcicle, LLC*, 2020 WL 7422060, at \*3 (M.D. Fla. May 27, 2020).

<u>Finally</u>, the quasi-contract claim for unjust enrichment must be dismissed because the parties' relationship is governed by an express contract: the Mortgage.  *See Alhassid v. Nationstar Mortg. LLC*, 771 F. App'x 965, 969 (11th Cir. 2019).

For these, and the other reasons discussed below, Plaintiff has failed to state any claim for relief and the case should be dismissed with prejudice.

## **BACKGROUND**[3]

On February 16, 2016, Plaintiff secured a refinance mortgage loan from Quicken Loans Inc. (n/k/a Rocket Mortgage) on his second-home condominium located in Tampa, Florida. Cmplt. ¶ 10.  Under the terms of the mortgage contract, Plaintiff was required to make monthly payments of $991.84 each month, *on the first of the month*.  *Id.*; Sussman Decl. Ex. 1 ¶ 2; Note, Sussman Decl. Exhibit 2 ("Ex. 2") ¶ 3.[4]  The Note also stated that "[e]ach monthly payment will be applied as of its scheduled due date."  Sussman Decl. Ex. 2 ¶ 3.  Plaintiff's Mortgage contained a section entitled "Application of Payments or Proceeds," which stated that "payments shall be applied to each Periodic Payment in the order in which it became due.  Any remaining amounts shall be applied first to late charges, second to any other amounts due under this Security Instrument, and then to reduce the principal balance of the Note."  Sussman Decl. Ex. 1

---

[3] As it is required to do by Fed. R. Civ. P. 12(b)(6), Rocket Mortgage treats Plaintiff's factual allegations as true for purposes of this Motion only.  Rocket Mortgage reserves all rights (a) to contest Plaintiff's factual allegations in the event that this Motion is not granted (and it should be), and (b) to demonstrate that Plaintiff's factual allegations are made without evidentiary support in violation of Fed. R. Civ. P. 11.

[4] This Court may consider Plaintiff's mortgage loan contract—*i.e.*, the mortgage ("Mortgage") and promissory note ("Note")—in resolving this Motion because Plaintiff repeatedly references it in the Complaint (¶¶ 10, 17, 25, 43, 44, 47, 49, 50) and relies upon it in support of his claims.  *See Done v. HSBC Bank USA*, 2010 WL 3824142, at \*2 (E.D.N.Y. Sept. 23, 2010); *Best v. Bank of Am., N.A.*, 2015 WL 5124463, at \*1 (E.D.N.Y. Sept. 1, 2015).

¶ 2.  The Note further stated that "[i]f the Note Holder has not received the full amount of any monthly payment by the end of <u>fifteen calendar days</u> after the date it is due, I will pay a late charge to the Note Holder [in the amount of] 5.000% of my overdue [monthly] payment." Sussman Decl. Ex. 2 ¶ 6 (emphasis added).

Up through May 2021, Plaintiff timely made his payments in accordance with the terms of the Mortgage by submitting the $991.84 on or after the first of month, usually on the 5th day of each month (*see* Cmplt. Exhibit A, ECF 1-1 ("Ex. A"), pp. 2-10).  Additionally, at times, Plaintiff made additional payments in the form of partial-payment installments of $350 each, which Rocket Mortgage applied to the principal balance in accordance with the terms of the Mortgage.  Cmplt. ¶ 13; *id.* Exhibit C, ECF 1-3 ("Ex. C"), pp. 2-3.  Beginning with his June 2021 mortgage payment, Plaintiff changed the timing of his monthly payment of $991.84 to occur *before* the first of each month.  Cmplt. ¶ 13; *id.* Ex. A, pp. 10-12; *id.* Ex. C, p. 2.  Under the terms of his Mortgage, the payments were thus applied to principal pre-payment.  *Id.*; Sussman Decl. Ex. 1 ¶ 2; *id.* Ex. 2 ¶ 3.  And because Plaintiff was only making partial payments in the amount of $350 *on or after* the first of each month (rather than the full monthly payment due in the amount of $991.84), Rocket Mortgage charged Plaintiff late fees in the amount of $49.59 each, on four occasions, when his total monthly payment failed to timely satisfy the contractually due amount of $991.84.  Cmplt. ¶ 14.  Plaintiff admits that Rocket Mortgage refunded two of the late fees after he informed Rocket Mortgage that he was contesting those two fees.  *Id.* ¶ 16.  In this lawsuit, Plaintiff contests the imposition of the other two late fees, in the total amount of $99.18, which Rocket Mortgage refunded (as a customer service accommodation) after the lawsuit was filed.

## **LEGAL STANDARD**

A.    Rule 12(b)(6)

To survive a Rule 12(b)(6) motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007). A complaint must offer more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 678. Rather, "if a plaintiff has not nudged [his or her] claims across the line from conceivable to plausible, the[] complaint must be dismissed." *Weslowski v. Zugibe*, 96 F. Supp. 3d 308, 315 (S.D.N.Y. 2015) (quoting *Twombly*, 550 U.S. at 547).

B.    Rule 9(b)

Plaintiff's fraud claim (Count V) must satisfy Rule 9(b). *McLaughlin v. Anderson*, 962 F.2d 187, 192 (2d Cir. 1992). This means that to survive dismissal, Plaintiffs "must state with particularity the circumstances constituting fraud or mistake." *Barnett v. Countrywide Bank, FSB*, 60 F. Supp. 3d 379, 389 (E.D.N.Y. 2014). To satisfy Rule 9(b), a complaint "must adequately specify the statements it claims were false or misleading, give particulars as to the respect in which plaintiff contends the statements were fraudulent, state when and where the statements were made, and identify those responsible for the statements." *Cosmas v. Hassett*, 886 F.2d 8, 11 (2d Cir. 1989). "Rule 9(b) also requires [] allegations of scienter to be supported by facts giving rise to a strong inference that defendant knew the statements to be false and intended to defraud plaintiff." *Arons v. Lalime*, 3 F. Supp. 2d 314, 325 (W.D.N.Y. 1998).

*        *        *

6

Application of these well-established standards to the Complaint demonstrates that this Motion should be granted and Plaintiff's claims dismissed with prejudice.

## **ARGUMENT**

**I.     THE COMPLAINT SHOULD BE DISMISSED BECAUSE PLAINTIFF DID NOT COMPLY WITH THE CONTRACTUAL REQUIREMENT THAT HE PROVIDE PRE-SUIT NOTICE AND AN OPPORTUNITY TO CURE.**

Plaintiff's claims in this lawsuit are foreclosed on account of his breach of the express terms of his mortgage contract.  Paragraph 20 of Plaintiff's Mortgage contains a section entitled "Notice of Grievance."  *See* Sussman Decl. Ex. 1 ¶ 20.  In that section, Plaintiff agreed that:

> Neither Borrower nor Lender may commence, join, or be joined to any judicial action (as either an individual litigant or the member of a class) that arises from the other party's actions pursuant to this Security Instrument, until such Borrower or Lender has notified the other party (with such notice given in compliance with the requirements of Section 15) of such alleged breach and afforded the other party hereto a reasonable period after the giving of such notice to take corrective action.

Ex. 1 ¶ 20.  Section 15 of Plaintiff's Mortgage, in turn, states: "All notices given by Borrower . . . in connection with this Security Instrument must be in writing" and must "be deliver[ed] or mail[ed] by first class mail to Lender's [designated] address."  *Id.* ¶ 15.

Notwithstanding that this lawsuit indisputably arises from and concerns Rocket Mortgage's "actions" pursuant to its mortgage contract with Plaintiff (*i.e.*, application of monthly payments and charging of late fees), Plaintiff did not comply with Section 20 before filing it. Nor does Plaintiff allege that he did.   Specifically, Plaintiff does not allege that he took either of the contractually-required steps before filing this lawsuit: (a) he does not allege that he notified Rocket Mortgage in a writing delivered to the contractually-required address of his dispute of two late fees that he challenges in the lawsuit, and (b) he does not allege that he gave Rocket Mortgage a reasonable opportunity thereafter to "take corrective action."

Faced with similar breaches of express contractual notice and opportunity to cure provisions like Paragraph 20, numerous courts have enforced them and dismissed claims filed in violation of them "regardless of the cause of actions alleged."  *Hill*, 2015 WL 4478061, at *3 ("[plaintiffs'] failure to provide notice and an opportunity to cure require[d] dismissal" of the entire seven-count complaint); *accord Giotta v. Ocwen Fin. Corp.*, 2016 WL 4447150, at *4 (N.D. Cal. Aug. 24, 2016), *aff'd sub nom. Giotta v. Ocwen Loan Servicing*, *LLC*, 706 F. App'x 421 (9th Cir. 2017) (dismissing FDCPA, RICO, and California state law claims for failure to comply with mortgage's notice and cure requirement); *Johnson v. Countrywide Home Loans, Inc.*, 2010 WL 5138392, at *2 (E.D. Va. Dec. 10, 2010) (same with respect to claims under the FDCPA, TILA, RESPA, and FCRA); *Kurzban v. Specialized Loan Servicing, LLC*, 2018 WL 1570370, at *3 (S.D. Fla. Mar. 30, 2018) (same with respect to claims under the FDCPA and RESPA); *Rodriguez v. Rushmore Loan Mgmt. Servs. LLC*, 2019 WL 423375, at *3-6 (N.D. Ill Feb. 4, 2019) (same with respect to FDCPA claim).  This Court should do the same here.

## II.    NONE OF PLAINTIFF'S SEVEN (7) CLAIMS STATES A COGNIZABLE CLAIM.

While Plaintiff's breach of the notice and opportunity to cure provision in his mortgage contract provides more than adequate grounds for this Court to dismiss this lawsuit, dismissal is also warranted and appropriate because each of Plaintiff's seven (7) claims fails to state a claim upon which relief can be granted for numerous reasons.

### A.    PLAINTIFF'S FEDERAL TILA CLAIM SHOULD BE DISMISSED BECAUSE TILA DOES NOT APPLY TO HIS CLOSED-END MORTGAGE TRANSACTION.

Plaintiff's sole federal claim, for violation of TILA (Regulation Z) (First Cause of Action), fails to state a claim as a matter of law.  That is because the mortgage loan transaction that is the subject of this lawsuit is a refinance transaction for his second-home condominium (a

closed-end credit transaction), and the TILA provisions that Plaintiff alleges were violated only apply to open-end credit transactions.

Plaintiff alleges that Rocket Mortgage violated 12 C.F.R. Parts 1026.10 and 1026.13 of TILA by misapplying his mortgage payments. *See* Cmplt. ¶¶ 31, 32. Parts 1026.10 and 1026.13 are contained in Subpart B of Regulation Z, which the Regulation itself specifies "contains the rules for open-end credit" such as "credit and charge card[s]" and "home-equity plans." 12 C.F.R. Part 1026.1(d)(2).[5] Indeed, 12 C.F.R. Part 1026—*i.e.,* the TILA section that Plaintiff alleges Rocket Mortgage violated in Count One—implements the Fair Credit Billing Act ("FCBA"), which "regulates billing disputes involving 'open end consumer credit plans.'" *Asper*, 2018 WL 2287331, at *4 ("the FCBA applies only to open-end consumer credit plans, like credit card accounts"); *accord Nichols v. BAC Home Loans Serv. LP*, 2013 WL 5723072, at *10 (N.D.N.Y. Oct. 18, 2013) (Part 1026 "describes a process for disputing debts arising out of the issuance of open-end credit under the TILA").

But Plaintiff's refinance mortgage transaction here is a closed-end credit transaction as a matter of law—Plaintiff does not (and could not) allege otherwise. Plaintiff's mortgage loan is a refinance mortgage loan on his second-home condominium. *See* Cmplt. ¶ 10; Sussman Decl. Ex. 1, p. 2. Unlike an open-end credit transaction, Plaintiff's mortgage loan did not contemplate

---

[5] Regulation Z defines "open-end credit" as "consumer credit extended by a creditor under a plan in which: (i) [t]he creditor reasonably contemplates repeated transactions; (ii) [t]he creditor may impose a finance charge from time to time on an outstanding unpaid balance; and (iii) [t]he amount of credit that may be extended to the consumer during the term of the plan (up to any limit set by the creditor) is generally made available to the extent that any outstanding balance is repaid." 12 C.F.R. Part 1026(a)(20).

repeated transactions or an increase in the amount of available credit as the principal balance was repaid.[6]  *See* Sussman Decl. Exs. 1, 2.

Where, as here, "[the plaintiff] alleges a mortgage loan in the complaint, that loan creates a closed-end credit relationship that is not addressed by" 12 C.F.R. Parts 1026.10 and 1026.13. *Wilkinson v. Wells Fargo Bank MN*, 2007 WL 1414888, at *3 n.4 (E.D. Wis. May 9, 2007); *accord Asper*, 2018 WL 2287331, at *4 ("Numerous courts have found that mortgage transactions are closed-end credit transactions, and thus not governed by the FCBA.") (collecting cases); *Troope v . Bank of Am.*, 2009 WL 10675624, at *3 (C.D. Cal. June 3, 2009) ("The [mortgage] transaction here . . . is a closed end transaction. . . . Accordingly, [TILA] does not apply."); *Graham v. Wilmington Sav. Fund Soc'y*, 2020 WL 2561886, at *8-9 (D. Haw. May 20, 2020) ("Because Plaintiff's credit transaction with [Defendant] was a mortgage, a closed-end credit transaction, the FCBA does not apply.").  Accordingly, the squarely-applicable case law dictates that dismissal of Plaintiff's TILA claim is required, as there is no allegation of any open-end credit transaction.  *See Nichols*, 2013 WL 5723072, at *10 ("Because the [TILA] provisions do not apply to plaintiff's closed-end mortgage, this claim will be dismissed."); *Asper*, 2018 WL 2287331, at *4 ("Based upon Plaintiff's failure to allege the existence of an open-end credit relationship that is governed by the FCBA, Plaintiff's [claim] is subject to dismissal").[7]

---

[6] Plaintiff does not allege, nor could he allege, that his mortgage loan is an open-end credit transaction, such as a credit card account or a home equity line of credit.

[7] Even if Plaintiff's loan was a covered open-end credit transaction (which it is not), the claim still would fail because Plaintiff does not allege that he provided Rocket Mortgage with written notice and an opportunity to correct the alleged error within 60 days of receiving the first statement containing the alleged error, as the applicable TILA regulations require.  *See* 12 CFR Part 1026.13(b)(1).

**B.**  **PLAINTIFF'S REMAINING CLAIMS MUST BE DISMISSED FOR NUMEROUS INDEPENDENT AND ADEQUATE REASONS.**

Pursuant to the terms of Plaintiff's mortgage contract, Plaintiff's remaining claims—for breach of fiduciary duty, breach of implied covenant of good faith and fair dealing, breach of contract, fraud, negligence, and unjust enrichment—should be analyzed under Florida law.  *See* Sussman Decl. Ex. 1 ¶ 16 ("This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located."); *see also id.*, p. 3 & Cmplt. ¶ 10 (property located in Tampa, Florida).  As demonstrated below, each of them fails to state a claim under Florida law for numerous independent and adequate reasons.

**1.  Plaintiff's Claims for Breach of Fiduciary Duty and Negligence Should Be Dismissed Because Rocket Mortgage Owed No Special Duty To Plaintiff, and the Independent Tort Doctrine Forecloses the Claims.**

Plaintiff's claims for breach of fiduciary duty (Second Cause of Action) and negligence (Sixth Cause of Action) fail to state a claim for two main reasons.

First, because Plaintiff alleges only a contractual relationship with Rocket Mortgage arising from the mortgage contract, he has failed to plead that Rocket Mortgage owed him a fiduciary duty or any other duty that could support a negligence claim.  Indeed, Plaintiff pleads no factual allegations of any relationship between himself and Rocket Mortgage other than the contractual relationship arising from Plaintiff's mortgage agreement.  *See* Cmplt. ¶ 10 ("Plaintiff Kenneth Stern and [Rocket Mortgage] entered into a contract for a mortgage loan regarding the Plaintiff's property located at 700 S. Harbour Island Blvd., Tampa, FL 33602."); *see also id.* ¶ 6 ("As a mortgage lender, [Rocket Mortgage] works with prospective borrowers to provide them with loans against either a new home for purchase or an existing home when refinancing. [Rocket Mortgage] also services the mortgage loan [sic] of its borrowers.").

With respect to Plaintiff's fiduciary duty claim, "[g]enerally, the relationship between a bank and its borrower is that of creditor to debtor, in which the parties engage in arms-length transactions, and the bank owes no fiduciary responsibilities." *Akiki v. Bank of Am., N.A.*, 632 F. App'x 965, 971 (11th Cir. 2015) (quoting *Cap. Bank v. MVB, Inc.*, 644 So. 2d 515, 518 (Fla. App. 1994)). Where, as here, Plaintiff offers only "conclusory allegations" of a fiduciary duty and "fail[s] to state any facts" suggesting that the parties' relationship extended beyond the normal relationship between a borrower and a mortgage lender or servicer, the claim necessarily fails. *Robaina*, 2012 WL 12864929, at \*2; *accord Farrell v. Fla. Republicans*, 2013 WL 5498277, at \*6 (M.D. Fla. Oct. 1, 2013) (dismissing fiduciary duty claim based on defendant's "role as the mortgage provider"); *see also Penner v. Indymac Bank, F.S.B.*, 2013 WL 5970731, at \*2 (M.D. Fla. Nov. 8, 2013) (mortgage lender and servicer, as creditor, "owe[d] no special or fiduciary duty to [borrower] as the debtor in the conduct of the loan transaction at issue").[8]

Plaintiff's negligence claim should be dismissed for similar reasons. Under Florida law, to state a claim for negligence, a plaintiff must sufficiently plead: (1) a duty; (2) breach of that duty; (3) causation; and (4) harm. *See Burdick v. Bank of Am., N.A.*, 99 F. Supp. 3d 1372, 1378 (S.D. Fla. 2015). "Importantly, however, the alleged duty cannot stem from a contractual relationship between the parties." *Id.* As noted above, Plaintiff alleges no duty of Rocket Mortgage other than that arising from the parties' contractual relationship. Plaintiff's negligence claim thus rests solely on Rocket's Mortgage's alleged "duty to properly service Plaintiff's

---

[8] Plaintiff's conclusory allegation that Rocket Mortgage "placed itself in a position of trust by virtue of the expertise represented by and through its agents and employees" (Cmplt. ¶ 36) compels no different conclusion because it is insufficient to "show that [Rocket Mortgage] invited or accepted [Plaintiff's] reliance or trust, acted in an advising or counseling capacity, or took any actions that exceeded the role of a lender in a lender/borrower capacity." *Robaina*, 2012 WL 12864929, at \*2 (dismissing fiduciary duty claim based on conclusory allegations that plaintiff placed trust in defendants and she relied on defendants to advise her).

mortgage, which arises from the mortgage contract and promissory note." *Rosseau*, 2015 WL 11197797, at *3 (dismissing negligence claim against mortgage servicer). That alleged contractual duty is insufficient to sustain a negligence claim as a matter of law.[9]

Second, Plaintiff's claims for breach of fiduciary duty and negligence are foreclosed by the independent tort doctrine. The independent tort doctrine bars claims in tort that are based on the same alleged conduct underlying a claim for breach of contract. *See Wilson*, at * 2 (dismissing claims for breach of fiduciary duty and negligence); *XP Global, Inc. v. AVM, L.P.*, 2016 WL 6679427, at *4 (S.D. Fla. Nov. 14, 2016) (dismissing claim for breach of fiduciary duty that was based "on the same alleged conduct forming the basis of Plaintiff's claim for breach of contract"); *Mortg. Contracting Servs., LLC v. J&S Prop. Servs. LLC*, 2018 WL 3219386, at *3 (M.D. Fla. July 2, 2018) (dismissing negligence claim where plaintiff "fail[ed] to provide any meaningful distinction between [the] negligence claim . . . and [the] breach of contract claim").

Here, Plaintiff's claims for breach of fiduciary duty and negligence are duplicative of his breach of contract claim. Indeed, all three claims concern Rocket Mortgage's alleged conduct in processing his monthly mortgage payments and charging of late fees—*i.e.*, conduct that Plaintiff alleges violated his mortgage contract. *Compare* Cmplt. ¶ 37 (alleging breach of fiduciary duty for "misapplying Plaintiff's payments"), *and id.* ¶ 58 (alleging negligence for "misapplying . . . monthly payments"), *with id.* ¶ 47 (alleging breach of contract where "Defendant misapplied or withheld the application of all of the Plaintiff's payments"). As such, Plaintiff's breach of fiduciary duty and negligence claims fail as a matter of law and must be dismissed for this

---

[9] Because Plaintiff has failed to allege any duty that could support his negligence claim, he necessarily has failed to establish the remaining elements of the claim: a breach of that duty and resulting harm from the breach.

additional reason. *See Fed. Deposit Ins. Corp. v. Law Office of Rafael Ubieta, P.A.*, 2012 WL
5307152, at *8 (S.D. Fla. Oct. 29, 2012) (dismissing claim for breach of fiduciary duty where the
"alleged breach of the fiduciary duty . . . [was] almost inseparable from the conduct [the
plaintiff] allege[d] qualifie[d] as a breach of contract").

> **2.  Plaintiff's Breach of Contract Claim Should Be Dismissed Because
> Plaintiff Identifies No Specific Mortgage Provision Allegedly Breached
> and Because it is Foreclosed by the Mortgage's Express Language.**

Plaintiff's breach of contract claim (Fourth Cause of Action) should be dismissed because
the Complaint contains no plausible allegations of any breach. This is true for two reasons.

First, "to adequately allege a breach of contract claim, [p]laintiffs are required to point
toward an express provision in the contract that creates the obligation allegedly breached."
*Alvarez v. Royal Caribbean Cruises, Ltd.*, 905 F. Supp. 2d 1334, 1340 (S.D. Fla. 2012). Plaintiff
does not even attempt to identify any express provision of the Mortgage that Rocket Mortgage
allegedly breached (and there is none). *See* Cmplt. ¶ 47 (alleging only generally that "[t]he
Defendant breached the contract by failing to comply with essential terms of the contract
regarding the application of payments"). Plaintiff's failure to identify an express provision of the
agreement, explain what affirmative obligation the provision created, and identify how Rocket
Mortgage's conduct was in breach of that obligation, requires dismissal of his breach of contract
claim. *See Brush*, 238 F. Supp. 3d at 1366-67 ("A breach of contract claim must be dismissed
where it is unclear what provision or obligation under the contract has been violated."); *Regal v.
Butler & Hosch*, P.A., 2015 WL 11198248, at *5 (S.D. Fla. Oct. 8, 2015) (same; collecting
cases).

Second, Plaintiff's breach of contract claim must be dismissed because it is belied by the
very mortgage agreements on which he relies. Pursuant to the express terms of the Note,
Plaintiff agreed to "make my monthly payment on the 1st day of each month beginning on April

14

1, 2016" and to the application of "[e]ach monthly payment . . . as of its scheduled due date." Sussman Decl. Ex. 2 ¶ 3.[10]  The Note further provided that "[i]f the Note Holder has not received the full amount of any monthly payment by the end of <u>fifteen calendar days</u> after the date it is due, [Plaintiff] will pay a late charge to the Note Holder [in the amount of] 5.000% of [his] overdue [monthly] payment."  Sussman Decl. Ex. 2 ¶ 6 (emphasis added).  Plaintiff's Mortgage, in turn, contains a section entitled "Application of Payments or Proceeds," which expressly stated that if additional payments are made after the monthly payment has been applied and nothing else is owed for that month, the "remaining amounts" will be applied "to reduce the principal balance of the Note."  Sussman Decl. Ex. 1 ¶ 2.

As the Complaint and its attached exhibits show, starting with his June 2021 payment, Plaintiff began making the $991.84 payment *before* the first of the month when it was due.  *See, e.g.,* Cmplt. ¶ 13; *id.* Ex. A, pp. 10-12; *id.* Ex. C, p. 2.  He was also making separate partial-payment installments of $350 each.  He alleges that some of the $350 partial payments were not immediately applied to the monthly payment of his loan, and that late fees were assessed as a result.  Cmplt. ¶¶ 13-14.  However, Rocket Mortgage correctly applied each of Plaintiff's payments expressly as the terms of the Mortgage and Note provided under these circumstances.

As shown in the Complaint with respect to his October 1, 2021 payment, Plaintiff made a payment equal to the monthly amount due of $991.84 *before* the first of the month (Cmplt. ¶ 13, showing $991.84 payment on 9/24/2021).  Under the terms of the Mortgage and Note as just described, because the payment was made *before* the October payment was due, the full amount was correctly and properly applied as a partial principal pre-payment (*id.*) because Plaintiff's September payment had already been made.  *See id.* Ex. C, p. 2 (showing four prior September

---

[10] Plaintiff's Mortgage also provided that Rocket Mortgage "is not obligated to apply [partial] payments at the time such payments are accepted."  Sussman Decl. Ex. 1 ¶ 1.

payments of $350 on 9/1, 9/8, 9/15, 9/22).[11]   Between the time when his October payment became due on the first of the month and when late fees began to accrue after the fifteenth of the month, Plaintiff concedes he made just two $350 payments (totaling $700), which was short of the $991.84 due for October.  Cmplt. ¶ 13.  Thus, he was properly charged a late fee on his October payment (which Rocket Mortgage later refunded as a customer service accommodation) in accordance with the terms of his Mortgage and Note.  *Id.*; Sussman Decl. Ex. 2 ¶¶ 3-6.  The same analysis and conclusion also attends to the challenged late fee for his November 2021 payment (which Rocket Mortgage also later refunded as a customer service accommodation).  *See* Cmplt. ¶ 16; *id.* Ex. A, pp. 20, 22-23; *id.* Ex. C, p. 1.

Under the express terms of Plaintiff's Mortgage and Note, because Rocket Mortgage was contractually authorized to charge late fees under the circumstances Plaintiff alleges here, the Court should dismiss the breach of contract claim because Plaintiff has failed to plead (and cannot plead) the requisite element of a breach.  *See Hopkins,* 60 F. Supp. 3d at 1257 (dismissing breach of contract claim where the conduct that allegedly formed the breach was authorized under the plain language of the contract); *see also Moragon v. Ocwen Loan Serv. LLC*, 2018 WL 3761036, at *3-4 (M.D. Fla. June 22, 2018) (dismissal of breach of contract claim warranted where the documents underlying the claim "contradict[ed] the general and conclusory allegations of the [complaint]").[12]

---

[11] Although Plaintiff alleges that his monthly payments were due "on or *before* the 1st day of each and every month" (Cmplt. ¶ 10) (emphasis added), as the clear contractual terms show, that is inaccurate.  Under the express terms of Plaintiff's Note and Mortgage, his monthly payments were due "on the 1st day of each month" and any payments made before would be applied first to the current month's payment, and then second applied to principal.  Sussman Decl. Ex. 2 ¶ 3; *id.* Ex. 1 ¶ 2.

[12] For the same reason, this Court should also dismiss Plaintiff's other claims predicated upon the same alleged conduct relating to application of his payments and charging of late fees.

**3. Plaintiff's Claim For Breach of the Covenant of Good Faith and Fair Dealing Should Be Dismissed For The Same Reasons As the Breach of Contract Claim and Because There is No Abuse of Discretion Alleged.**

Plaintiff's tagalong claim for breach of the implied covenant of good faith and fair dealing (Third Cause of Action) fails for the same reasons as the breach of contract claim, and for additional reasons as well. As explained in Section II.B.2 above, Plaintiff fails to plead any express contractual term that allegedly was breached. This failure "dooms his claim for breach of the implied covenant of good faith and fair dealing" too. *Burger King*, 169 F.3d at 1318. That is because "no independent cause of action exists under Florida law for breach of the implied covenant of good faith and fair dealing" in the absence of "an express contractual provision that has been breached." *Id.*; *accord Heyward v. Wells Fargo Bank*, *NA*, 2020 WL 10353829, at *4 (M.D. Fla. Oct. 6, 2020) ("a party cannot recover under the implied covenant if there has been no breach of a specific contract provision").

As explained above, Plaintiff does not identify any specific term of his Mortgage or Note that allegedly was breached. Courts regularly dismiss breach of implied covenant claims under similar circumstances, and this Court should follow suit here. *See Diaz v. Nationstar Mortg., LLC*, 2021 WL 716637, at *3 (S.D. Fla. Jan. 25, 2021) ("As Plaintiff has failed to establish a breach of an express term of the Mortgage, the Court must also dismiss Plaintiff's claim for breach of the implied covenant of good faith and fair dealing."); *Degutis v. Fin. Freedom, LLC*, 978 F. Supp. 2d 1243, 1264 (M.D. Fla. 2013) ("[T]he Court has found that Plaintiff has failed to state a claim that Defendants breached a term of the mortgage contract. Thus, his breach of implied covenant of good faith and fair dealing claim also fails."); *Heyward*, 2020 WL 10353829, at *4 (dismissing good faith and fair dealing claim where plaintiff failed to allege "a material breach of the mortgage agreement and identify a specific term of the contract that has been broken").

17

Plaintiff's claim for breach of the implied covenant of good faith and fair dealing fails for the additional reason that the claim requires a plaintiff to plead and prove an abuse of discretion that had been granted to the breaching party under the contract. *See Mount Sinai*, 329 F. Supp. 2d at 1313. Here, Plaintiff again fails to meet his pleadings burden. He does not, for example, identify any term in the Mortgage (or Note) where discretion was granted to Rocket Mortgage. Nor does he plead any factual allegations that Rocket Mortgage somehow abused any discretion conferred to it in the mortgage contract. This requires dismissal of Plaintiff's claim as a matter of law. *See Live Nation Worldwide, Inc. v. Cohl*, 2011 WL 13223506, at *8 (S.D. Fla. Apr. 4, 2011) (dismissing claim for breach of implied covenant of good faith and fair dealing where there was no allegation that discretion was granted under a "specific provision" of the contract, which a party "arbitrarily exercised" and "'no reasonable party would have made the same discretionary decision'") (quoting *Merrill Lynch Bus. Fin Servs., Inc. v. Performance Mach. Sys U.S.A., Inc.*, 2005 WL 975773, at *10 n.7 (S.D. Fla. Mar. 4, 2005)) (dismissing claim for breach of implied covenant of good faith and fair dealing where there was no allegation that the challenged "acts were the product of arbitrarily-exercised discretion").

### 4. Plaintiff's Fraud Claim Should Be Dismissed Because Plaintiff Has Failed to Sufficiently Allege Any of the Elements and Because it Violates the Independent Tort Doctrine.

Plaintiff's fraud claim (Fifth Cause of Action) must be dismissed because Plaintiff has not sufficiently alleged the elements of the claim, let alone done so with the particularity required by Rule 9(b). As noted, "[t]he essential elements of a fraud claim [under Florida law] are: (1) a false statement concerning a specific material fact; (2) the maker's knowledge that the representation is false; (3) an intention that the representation induces another's reliance; and (4) consequent injury by the other party acting in reliance on the representation." *Mendez,* 2017 WL 5634940, at *4. In addition, a fraud claim must be pled with particularity under Fed. R. Civ. P.

9(b), which "means that the complaint must 'set forth precisely what statements or omissions were made in what documents or oral representations, the time and place of the statements or omissions, who made the statements or omissions, the contents of the statements or omissions and manner in which they misled the plaintiff, and what the defendant gained as a consequence.'" *Hack v. Wachovia Bank, N.A.*, 2012 WL 3043017, at *3 (S.D. Fla. Jul. 25, 2012) (quoting *Pyramid Employer Servs. v. Coile*, 2006 WL 1208009, at *4 (M.D. Fla. May 3, 2006)).

Here, Plaintiff only vaguely alleges that some unidentified Rocket Mortgage team member (employee) "misrepresented [unidentified] material facts to, and/or concealed [unidentified] material facts from, Plaintiff by representing [in some unidentified words at some unidentified time] that Plaintiff failed to make payments on the mortgage loan as required." Cmplt. ¶ 49. This is patently insufficient to sustain a fraud claim.

At the outset, as Plaintiff's Mortgage and Note confirm and as demonstrated above (*supra* Section II.B.2), there was no false representation about Plaintiff's mortgage payment obligations. The Court's analysis of the issue should end there. The Complaint also is devoid of any allegations explaining "how or why [Rocket Mortgage] knew of [or] should have known the [allegedly misrepresented] information was false" (again, it was not), or sufficiently-pled allegations that Rocket Mortgage "intended to induce [Plaintiff's] reliance on the statement or that the [alleged] misrepresentation[] resulted in any injury." *Jackson v. Ocwen Loan Serv., LLC*, 2011 WL 4345449, at *5 (S.D. Fla. 2011) (dismissing fraud claim based on mortgage servicer's alleged false reporting of past due balance to credit reporting agencies because "Plaintiff fail[ed] to allege the elements of fraud with particularity"). Nor does the Complaint contain sufficient allegations of any other representation or omission, by setting forth precisely what statements or omissions were made, when and where they were made, who made them, the

19

contents and manner in which they misled Plaintiff, or what Rocket Mortgage gained as a result. Plaintiff's fraud claim—based on nothing more than "conclusory statements" that merely track the elements of the claim—should be dismissed. *Mendez,* 2017 WL 5634940, at *4; *Price v. Lakeview Loan Servicing, LLC*, 2021 WL 1610097, at *6 (M.D. Fla. Apr. 26, 2021) (dismissing fraud claim that failed to "detail the who, what, when, where, and how of Defendant's purported fraudulent acts"); *accord Diaz*, 2021 WL 716637, at *3 (dismissing fraud claim based on "conclusory allegations" that failed to "state with particularity the circumstances constituting fraud"); *see also Alvarez Rodriguez v. Branch Banking & Tr. Co.*, 2020 WL 5640399, at *6 (S.D. Fla. July 9, 2020) (dismissing fraud claim where the misrepresentations plaintiffs alleged were merely statements about bank's "generally accepted banking procedures" and, as such, "fail to identify precisely what statements Plaintiffs allege are fraudulent").

Plaintiff's fraud claim also fails because it is barred by the independent tort doctrine. As noted above, that doctrine precludes claims in tort, such as the fraud claim here, that are "interwoven and indistinct from the heart of the contractual agreement." *Sun Life Assurance Co. of Can. v. Imperial Premium Fin., LLC*, 904 F.3d 1197, 1223 (11th Cir. 2018).[13] Here, Plaintiff's fraud allegations simply mirror the allegations underlying his defective breach of contract claim. *Compare* Cmplt. ¶ 50 (alleging in support of fraud claim that Rocket Mortgage "misappl[ied] and/or withh[eld] Plaintiff's payments . . ., resulting in the Defendant's imposition of late fees") *with id.* ¶ 47 (alleging in support of breach of contract claim that Rocket Mortgage

---

[13] *Accord Dorvil v. Nationstar Mortg. LLC*, 2019 WL 1992932, at *17 (S.D. Fla. Mar. 26, 2019) (dismissing fraud claim; when "a contract has [allegedly] been breached, a tort action lies only for acts independent of those acts establishing the contract's breach") (quoting *Peebles v. Puig*, 223 So. 3d 1065, 1069 (Fla. 3d DCA 2017)); *Barrakuda Ltd. v. Zazaby Jewels, Inc.*, 2021 WL 2454467, at *4 (S.D. Fla. May 14, 2021) (dismissing fraud claim; "the damages stemming from th[e] [tort] must be independent, separate and distinct from the damages sustained from the contract's [alleged] breach").

"misapplied or withheld the application of all of the Plaintiff's payments . . ., resulting in numerous improper late notices and imposition of improper late fees"). The fraud claim should be dismissed for the additional reason that it violates the independent tort doctrine. *See Nafta*, 2020 WL 7422060, at *3 ("The alleged fraud . . . is not independent of the conduct or injury alleged with respect to Plaintiff's breach of contract claim and, therefore, the independent tort doctrine bars Plaintiff's claim."); *Spears v. SHK Consulting & Dev., Inc.*, 338 F. Supp. 3d 1272, 1279 (M.D. Fla. 2018) (under Florida law, "it is well settled that a plaintiff may not recast causes of action that are otherwise breach-of-contract claims as tort claims").

### 5. Plaintiff's Unjust Enrichment Claim Should Be Dismissed Because the Parties' Relationship is Governed By the Express Mortgage Contracts.

Under Florida law, "[i]t is well established that 'a plaintiff cannot pursue a quasi-contract claim for unjust enrichment if an express contract exists concerning the same subject matter.'" *Kirchner v. Ocwen Loan Servicing, LLC*, 257 F. Supp. 3d 1314, 1324 (S.D. Fla. 2017), *appeal dismissed,* 2017 WL 5185306 (11th Cir. Sept. 21, 2017) (citing *Martorella v. Deutsche Bank Nat. Trust Co.*, 931 F. Supp. 2d 1218, 1227 (S.D. Fla. 2013)). That, as Plaintiff's own allegations confirm, is the case here because the parties' relationship with respect to Plaintiff's loan was and remains governed by the mortgage contract. This conclusion is reinforced by the fact that Plaintiff's unjust enrichment claim (Seventh Cause of Action) expressly rests on the same alleged conduct underlying his breach of contract claim. *Compare* Cmplt. ¶ 62 (unjust enrichment claim premised on allegation of Rocket Mortgage "withholding or misapplying Plaintiff's payments to make it seem that Plaintiff did not meet the required monthly payments then imposing late fees") *with id*. ¶ 47 (breach of contract claim premised on allegation that Rocket Mortgage "misapplied or withheld the application of all of the Plaintiff's payments, and misrepresented the sum of the Plaintiff's payments, resulting in numerous improper late notices

21

and imposition of improper late fees").  Accordingly, Plaintiff's quasi-contract claim for unjust enrichment concerns the "same subject matter" as the express mortgage agreements.  Because Plaintiff's unjust enrichment claim "arises out of a relationship governed by a contract between the two parties"—namely, the mortgage contract—Plaintiff is precluded from asserting that claim.  *Alhassid*, 771 F. App'x at 969; *accord In re Kachkar*, 769 F. App'x 673, 681 (11th Cir. 2019) ("[Plaintiff's] claim for unjust enrichment fails because [under Florida law] an unjust-enrichment claim cannot lie where an express contract exists.").

## **CONCLUSION**

For the foregoing reasons, Rocket Mortgage respectfully requests that the Court dismiss Plaintiff's Complaint in its entirety with prejudice.

Dated: April 15, 2022                    By: /s/ Alyssa A. Sussman___


                                         Alyssa A. Sussman
                                         **GOODWIN PROCTER LLP**
                                         The New York Times Building
                                         620 Eighth Avenue
                                         New York, NY 10018
                                         Phone:  (212) 813-8800
                                         Fax:      (212) 355-3333
                                         *asussman@goodwinlaw.com*

                                         W. Kyle Tayman (*pro hac vice*)
                                         Brooks R. Brown (*pro hac vice*)
                                         **GOODWIN PROCTER LLP**
                                         1900 N Street, N.W.
                                         Washington, DC 20036
                                         Phone:  (202) 346-4000
                                         Fax:      (202) 346-4444
                                         *ktayman@goodwinlaw.com*
                                         *bbrown@goodwinlaw.com*

                                         *Attorneys for Rocket Mortgage, LLC*

## **CERTIFICATE OF SERVICE**

I, Alyssa A. Sussman, hereby certify that on April 15, 2022, I caused a true and correct

copy of the foregoing to be served on Plaintiff at the address below via first class mail, postage

prepaid and by email at ken@sternlawcollections.com.

Kenneth D. Stern, Esq.
3002 Merrick Road
Bellmore, NY 11710

_/s/ Alyssa A. Sussman
Alyssa A. Sussman

24