UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

KENNETH STERN; an individual, on behalf of himself and all others similarly situated,

                    Plaintiff,

    v.

ROCKET MORTGAGE, LLC.,

                    Defendant.

Case No. 2:21-cv-06879-PKC-AYS

**ROCKET MORTGAGE, LLC'S REPLY IN SUPPORT OF ITS
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

# TABLE OF CONTENTS

I.  The Opposition Fails to Demonstrate That The Complaint States a Cognizable Claim or Dispute (Substantively) Any of Rocket Mortgage's Well-Founded Dismissal Arguments ................................................................................................ 3

    A.  Plaintiff's Failure to Comply with The Contractual Pre-Suit Notice of Grievance Procedure is Fatal to All His Claims. ................................... 3

    B.  The TILA Provisions at Issue Do Not Apply to Plaintiff's Closed-End Mortgage Transaction ......................................................................... 4

    C.  Plaintiff Alleged No Breach of any Contractual Term By Rocket Mortgage to Sustain His Contract or Implied Convenant Claims. ............ 4

    D.  Plaintiff Offers No Response to Any Of Rocket Mortgage's Other Dismissal Arguments. ................................................................................ 6

II.  Plaintiff's Request For Discovery Cannot Save His Claims ............................................ 8

CONCLUSION ................................................................................................................................ 9

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ................................................................................................................9

*Asper v. Wells Fargo Bank, N.A.*,
    2018 WL 2287331 (S.D. Cal. May 18, 2018) .........................................................................4

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 554 (2007) ............................................................................................................1, 8

*Fadem v. Ford Motor Co.*,
    352 F. Supp. 2d 501 (S.D.N.Y. 2005) .....................................................................................5

*Gundlach v. IBM Japan, Ltd.*,
    983 F. Supp. 2d 389 (S.D.N.Y. 2013) .....................................................................................2

*Hanig v. Yorktown Cent. Sch. Dist.*,
    384 F. Supp. 2d 710 (S.D.N.Y. 2005) .....................................................................................7

*Harley v. City of N.Y.*,
    2016 WL 552477 (E.D.N.Y. Feb. 10, 2016) ......................................................................3, 7

*Laface v. E. Suffolk Boces*,
    349 F. Supp. 3d 126 (E.D.N.Y. 2018) .................................................................................5, 7

*Matrixx Initiatives, Inc. v. Siracusano*,
    563 U.S. 27 (2011) ...............................................................................................................8, 9

*In re Myovant Sci. Ltd. Section 16(b) Litig.*,
    513 F. Supp. 3d 365 (S.D.N.Y. 2021) .....................................................................................8

*Neurological Surgery, P.C. v. Travelers Co.*,
    243 F. Supp. 3d 318 (E.D.N.Y. 2017) ...........................................................................2, 4, 7

*Toussaint v. Interfaith Med. Ctr.*,
    2022 WL 118722 (E.D.N.Y. Jan. 12, 2022) ............................................................................8

*Wellton Int'l Express v. Bank of China (Hong Kong)*,
    --- F. Supp. 3d ----, 2020 WL 1659889, at *4 (S.D.N.Y. April 3, 2020) ..................................8

*Ying Li v. City of N.Y.*,
    246 F. Supp. 3d 578 (E.D.N.Y. 2017) ................................................................................4, 7

Rather than engage with any of Rocket Mortgage's dismissal arguments on the merits, Plaintiff's cursory, six-page Opposition ("Opposition" or "Opp.") ignores them.[1] The reason is obvious: Rocket Mortgage's arguments are well-founded and Plaintiff has no response to any of them. Faced with this reality, Plaintiff's Opposition seeks to evade dismissal by (a) restating the deficient allegations in his Complaint, (b) reciting the general legal standards applicable to a Rule 12(b)(6) motion, (c) declaring—without any factual or legal support—that the Complaint is "clearly well-plead" and "discovery will reveal evidence" to support the claims, and (d) accusing Rocket Mortgage (and its counsel) of acting in a "predatory" manner.[2] This effort fails as a matter of law for two main reasons.

First, in the face of Rocket Mortgage's showing that dismissal is appropriate, Plaintiff must identify specific factual allegations in his Complaint sufficient "to state a claim to relief that is plausible on its face" on each of his seven counts. *Twombly*, 550 U.S. at 570. He cannot meet that burden through mere repetition of allegations from the Complaint devoid of any argument or other attempt to demonstrate to this Court that they are somehow sufficient to state a claim. Nor can he meet his burden through naked assertions that his Complaint is "well-plead," promises that "discovery will reveal evidence" to sustain his claims, or baseless attacks and accusations of unidentified "predatory" conduct by Rocket Mortgage and its counsel. Put

---

[1] As this Court knows, despite Plaintiff having six weeks to respond to Rocket Mortgage's Motion, Plaintiff failed to meet the May 27 response deadline set by this Court (*see* Dkt. 12). He also missed the deadlines set by the Court's June 2 and June 7 minute orders to explain his delinquency. Plaintiff eventually served his Opposition 11 days late (on June 7), and on June 15 Plaintiff filed an untimely motion for an extension of time to file the Opposition (Dkt. 16), claiming that the delinquency for the Opposition was due to his May 22-27 vacation. He never offered an explanation for missing the Court's subsequent June 2 and June 7 deadlines.

[2] Plaintiff's accusation continues his familiar pattern of attempting to blame (improperly) Rocket Mortgage for his own failure to meet Court deadlines, respond to Court orders, or plead plausible factual allegations sufficient to state a cognizable claim. As the party filing a federal lawsuit, the rules and applicable law place the burden on Plaintiff (and Plaintiff alone) to plead a cognizable claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007).

simply, the allegations in Plaintiff's Complaint do not state a claim for all the reasons identified in Rocket Mortgage's Motion and nothing in the Opposition provides any basis for the Court to conclude otherwise and allow this meritless lawsuit to proceed.

Second, by failing to respond substantively to Rocket Mortgage's dismissal arguments, Plaintiff has effectively conceded them. *Neurological Surgery, P.C. v. Travelers Co.*, 243 F. Supp. 3d 318, 329 (E.D.N.Y. 2017). Rocket Mortgage's dismissal arguments thus stand unrebutted, including that:

(1) All of Plaintiff's claims must be dismissed because he failed to comply with the contractual requirement that he provide pre-suit notice and an opportunity to cure;

(2) Plaintiff's claim for violation of the Truth in Lending Act ("TILA") fails because the provision allegedly violated does not apply to Plaintiff's closed-end mortgage as a matter of law;

(3) Plaintiff identifies and pleads no breach of any contractual term by Rocket Mortgage to sustain his contract and implied covenant claims; and

(4) the Complaint is devoid of the factual allegations necessary to state a claim for any of his remaining state law causes of action.

Each of these arguments provides independent and adequate grounds to dismiss Plaintiff's claims, and nothing in the Opposition compels any different conclusion. Nor does Plaintiff's status as a *pro se* litigant. This is because, as this Court recognized in its June 2 and June 7 Minute Orders in this matter, Plaintiff is an attorney and so "is not entitled to the same liberality afforded other *pro se* plaintiffs." *Gundlach v. IBM Japan, Ltd.*, 983 F. Supp. 2d 389, 393 (S.D.N.Y. 2013).

For these and the additional reasons set forth in Rocket Mortgage's Motion, this Court should not hesitate to dismiss this lawsuit with prejudice.

**I.     THE OPPOSITION FAILS TO DEMONSTRATE THAT THE COMPLAINT STATES A COGNIZABLE CLAIM OR DISPUTE (SUBSTANTIVELY) ANY OF ROCKET MORTGAGE'S WELL-FOUNDED DISMISSAL ARGUMENTS.**

      **A.     PLAINTIFF'S FAILURE TO COMPLY WITH THE CONTRACTUAL PRE-SUIT NOTICE OF GRIEVANCE PROCEDURE IS FATAL TO ALL HIS CLAIMS.**

Plaintiff does not dispute that his mortgage contract with Rocket Mortgage contains a "Notice of Grievance" provision, which required him to give Rocket Mortgage written notice and an opportunity to cure the mortgage payment application claims at issue before filing this lawsuit. Mot. at 7. There are, however, no allegations in the Complaint that Plaintiff complied with this contractual precedent to filing this lawsuit. And Plaintiff's Opposition does not dispute—and so concedes—that he did not take either of the contractually-required steps before filing: (1) he did not send a written notice to Rocket Mortgage's designated address regarding the two late fees he claims were improperly charged as a result of the alleged mortgage payment misapplication; and (2) he did not provide Rocket Mortgage a reasonable opportunity to take corrective action regarding those fees.[3] Instead, Plaintiff entirely ignores Rocket Mortgage's dismissal argument. It is well-settled, however, that Plaintiff cannot evade dismissal by ignoring Rocket Mortgage's dismissal argument. *See Harley v. City of N.Y.*, 2016 WL 552477, at *7 (E.D.N.Y. Feb. 10, 2016) (Chen, J.) (claims abandoned where "Plaintiff's papers do not dispute, and in fact wholly ignore, Defendant['s] argument").

In the face of Plaintiff's decision to ignore Rocket Mortgage's argument, this Court should dismiss all of Plaintiff's claims for failure to comply with the "Notice of Grievance"

---

[3] Plaintiff admits that after he filed this lawsuit, Rocket Mortgage refunded the two late fees that he challenges. Opp. at 5.

3

provision in his mortgage contract with Rocket Mortgage. As Rocket Mortgage demonstrated in its Motion, district courts consistently dismiss claims just like those asserted by Plaintiff here for failure to comply with notice and cure provision in a mortgage contract. Mot. at 8 (collecting cases). This Court should follow their lead here, particularly where Plaintiff has provided this Court with no reason to depart from this substantial weight of authority.

      **B.   THE TILA PROVISIONS AT ISSUE DO NOT APPLY TO PLAINTIFF'S CLOSED-END MORTGAGE TRANSACTION.**

In its Motion (at 8-10), Rocket Mortgage demonstrated that the provisions of TILA that Plaintiff alleges were violated (Subpart B of Regulation Z) do not apply to his closed-end mortgage transaction as a matter of law. *Asper v. Wells Fargo Bank, N.A.*, 2018 WL 2287331, at *4 (S.D. Cal. May 18, 2018) (dismissing TILA claim where "Plaintiff fail[ed] to allege that his loan constituted an open-end credit transaction"). That demonstration is fatal to Plaintiff's TILA claim for reasons explained in the Motion (at 8-10). Recognizing this, Plaintiff again ignores Rocket Mortgage's dismissal argument. In fact, Plaintiff does not even discuss his TILA claim in his Opposition at all. This provides a further basis for this Court to dismiss the claim as abandoned. *Ying Li v. City of N.Y.*, 246 F. Supp. 3d 578, 635 (E.D.N.Y. 2017) (Chen, J.); *Neurological Surgery,* 243 F. Supp. 3d at 329.

      **C.   PLAINTIFF ALLEGED NO BREACH OF ANY CONTRACTUAL TERM BY ROCKET MORTGAGE TO SUSTAIN HIS CONTRACT OR IMPLIED COVENANT CLAIMS.**

In its Motion (at 14-16), Rocket Mortgage showed that Plaintiff's contract-based claims—for Breach of Contract (Fourth Cause of Action) and Breach of Implied Covenant of Good Faith and Fair Dealing (Third Cause of Action)—should be dismissed because (a) the Complaint identifies no specific contract provision that Rocket Mortgage allegedly breached, and (b) the challenged late fees are expressly allowed under the terms of Plaintiff's Mortgage and

4

Note. Mot. 14-16.[4] Plaintiff's Opposition (again) provides no basis for this Court to conclude otherwise.

Instead of directly addressing Rocket Mortgage's dismissal arguments, the Opposition makes a cursory reference to the provision of Plaintiff's Note identified as "Borrower's Failure To Pay As Required" and his monthly statements. Opp. at 3-4.[5] But Plaintiff fails to explain how the "Failure to Pay as Required" provision in his Note or his monthly statements can somehow overcome Rocket Mortgage's dismissal arguments. This is because he cannot—indeed, the provision and the monthly statements actually support *Rocket Mortgage's* dismissal arguments.

The Note provision states that "[i]f the Note Holder has not received the full amount of any monthly payment by the end of fifteen calendar days after the date it is due, [Plaintiff] will pay a late charge to the Note Holder [in the amount of] 5.000% of [his] overdue [monthly] payment." Sussman Decl. Ex. 2 ¶ 6 (emphasis added). Here, as Plaintiff admits and the monthly statements confirm, Plaintiff changed the timing of his payments to be made prior to the first of the month in which they were due (and the month he wished Rocket Mortgage had applied them), and thus the additional payments were properly treated and applied as principal pre-payment pursuant to the terms of the Note and Mortgage. Mot. 14-16; Cmplt. ¶¶ 13, 16; *id*. Ex. A, pp. 10-12, 20, 22-23; *id*. Ex. C, pp. 1, 2. And, because Plaintiff's partial payments of $350—

---

[4] Plaintiff does not contest, and therefore concedes, that Florida law applies to his state-law claims. *See Laface v. E. Suffolk Boces*, 349 F. Supp. 3d 126, 161-62 (E.D.N.Y. 2018) ("District courts in this circuit have found that 'a plaintiff's failure to respond to contentions raised in a motion to dismiss claims constitute an abandonment of those claims.'") (quoting *Youmans v. Schiro*, 2013 WL 6284422, at *5 (S.D.N.Y. Dec. 3, 2013)).

[5] To the extent Plaintiff references the provision in his Note and his monthly statements as means to supplement or amend the defective allegations in his Complaint, this Court should disregard the references as improper. It is well-settled that a plaintiff cannot amend his complaint through an opposition to a motion to dismiss. *Fadem v. Ford Motor Co.*, 352 F. Supp. 2d 501, 516 (S.D.N.Y. 2005).

5

made on or after the first of the month—were less than the full monthly payment amount of $991.84, the challenged late fees were properly assessed under the express terms of the mortgage contract. *See* Mot. 4-5, 14-16. There thus was no breach of the mortgage contract by Rocket Mortgage—instead, the challenged late fees resulted from the proper application of the applicable terms of the mortgage contract in response to Plaintiff's unilateral decision to change the timing of his monthly payments in June 2021 without providing any instruction (written or oral) that he wished those payments to be applied in a manner other than as provided for under the terms of the mortgage contract.

This perhaps explains why Plaintiff has made no attempt in Opposition to demonstrate that the express terms of his Mortgage and Note did not allow Rocket Mortgage to charge late fees in these circumstances. Instead, in a thinly-veiled attempt to mask his inability to do so from the Court, Plaintiff resorts to unsupported and baseless accusations, including his statement that "Plaintiff respectfully submits that [Rocket Mortgage]'s statements in its motion are predatory and reprehensible." Opp. at 4. But this unsupported and unprofessional statement is not responsive to Rocket Mortgage's dismissal arguments, fails to provide any basis for this Court to conclude that the Complaint states cognizable contract claims (and it does not), and fails to advance the resolution of the Motion in any respect. Where Plaintiff identifies no contract terms or factual allegations to support his contract-based claims, they should be dismissed with prejudice for all the reasons set forth in the Motion. Mot. at 14-18.

### D. PLAINTIFF OFFERS NO RESPONSE TO ANY OF ROCKET MORTGAGE'S OTHER DISMISSAL ARGUMENTS.

Plaintiff offers no response at all to Rocket Mortgage's remaining dismissal arguments directed to his state law claims in Counts Two, Three, Five, Six, and Seven. Presumably, this is because he (again) has no response. And, by again failing to address Rocket Mortgage's

6

dismissal arguments in his Opposition, Plaintiff has abandoned these state law claims. *See Hanig v. Yorktown Cent. Sch. Dist.*, 384 F. Supp. 2d 710, 723 (S.D.N.Y. 2005) ("[B]ecause plaintiff did not address defendant's motion to dismiss with regard to this claim, it is deemed abandoned . . . ."); *Harley*, 2016 WL 552477, at *7 (finding it "'appropriate' to 'infer from [Plaintiff]'s partial opposition that [the] claims . . . that are not defended have been abandoned'") (quoting *Jackson v. Fed. Express*, 766 F.3d 189, 198 (2d Cir. 2014) (alteration in original)); *Ying Li*, 246 F. Supp. 3d at 635; *Neurological Surgery,* 243 F. Supp. 3d at 329; *Laface*, 349 F. Supp. 3d at 161-62.

In addition to Plaintiff's abandonment of them, Plaintiff's remaining state law claims all fail to state a claim for the reasons (now undisputed) detailed in the Motion, including that:

- Neither the applicable law nor Plaintiff's allegations are sufficient to demonstrate that Rocket Mortgage owed Plaintiff the requisite duty to state a breach of fiduciary duty claim (Second Cause of Action) and negligence claim (Sixth Cause of Action) (*see* Mot. at 11-13);

- Florida's independent tort doctrine bars Plaintiff's tort-based claims for breach of fiduciary duty (Second Cause of Action), negligence (Sixth Cause of Action), and fraud (Fifth Cause of Action) as a matter of law (*see* Mot. at 13-14, 20-21);

- Neither the applicable law nor Plaintiff's allegations are sufficient to demonstrate the requisite abuse of any discretion by Rocket Mortgage in its performance of any discretionary contractual duties necessary to state a claim for breach of the covenant of good faith and fair dealing (Third Cause of Action) (*see* Mot. at 18);

- Plaintiff did not plead the elements of his fraud claim (Fifth Cause of Action) with the requisite particularity (*see* Mot. at 18-20); and

7

- Plaintiff's quasi-contract claim for unjust enrichment (Seventh Cause of Action) cannot lie as a matter of law where he alleges that the parties' relationship is governed by the express mortgage contract (*see* Mot. at 21-22).

## II. PLAINTIFF'S REQUEST FOR DISCOVERY CANNOT SAVE HIS CLAIMS.

As a last ditch effort to save this baseless lawsuit and evade his Rule 8 pleading burden, Plaintiff resorts to claiming that "discovery will further reveal the Defendant's improper practices that continues [sic] to harm Plaintiff." Opp. at 6. In doing so, Plaintiff confirms that his Complaint lacks the requisite support to state a claim under any one of his seven causes of action.

As explained above, *supra* Part I, and as shown in Rocket Mortgage's Motion, Plaintiff's Complaint has offered no "reasonably founded hope" of stating a claim against Rocket Mortgage. *Twombly*, 550 U.S. at 559. Plaintiff's reference to future discovery cannot cure the deficiencies in his Complaint; "'discovery is not a fishing expedition for Plaintiff[] to try to obtain information to try to create claims that do not already exist.'" *Wellton Int'l Express v. Bank of China (Hong Kong)*, --- F. Supp. 3d ----, 2020 WL 1659889, at *4 n.4 (S.D.N.Y. April 3, 2020) (quoting *Bruno v. Zimmer, Inc.*, 2016 WL 4507004, at *5 (E.D.N.Y. Aug. 26, 2016)); *accord Toussaint v. Interfaith Med. Ctr.*, 2022 WL 118722, at *8 n.10 (E.D.N.Y. Jan. 12, 2022) (dismissing claims where "plaintiff admit[ted] that 'discovery is necessary'" to support plausibility of claims); *In re Myovant Sci. Ltd. Section 16(b) Litig.*, 513 F. Supp. 3d 365, 373 (S.D.N.Y. 2021) ("plaintiffs cannot avoid dismissal by claiming that discovery will reveal a basis for their claim").[6] Plaintiff's argument is, in essence, that every complaint should escape

---

[6] The lone case Plaintiff cites in support of his argument regarding discovery, *Matrixx Initiatives, Inc. v. Siracusano*, 563 U.S. 27 (2011), is entirely inapposite. In *Matrixx Initiatives*, the Supreme Court considered whether allegations that a pharmaceutical company failed to disclose information sufficiently stated a claim under securities laws. *Id.* at 30. The portion of

8

dismissal because discovery might reveal what is missing from the complaint in order to state a claim. That is not the law. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) ("[Rule 8] does not unlock the doors of discovery to a plaintiff armed with nothing more than conclusions."). As such, this Court should reject Plaintiff's invitation to put Rocket Mortgage to the additional burden and expense of discovery where Plaintiff's Complaint fails to state a single cognizable claim and Plaintiff's Opposition made no attempt (none) to establish otherwise.

## CONCLUSION

For the foregoing reasons and the reasons stated in its Motion, Rocket Mortgage respectfully requests that the Court dismiss Plaintiff's Complaint in its entirety with prejudice.

---

the opinion cited in Plaintiff's Opposition is limited to an analysis of whether the plaintiff had stated a claim under the "materiality" prong of Securities and Exchange Commission Rule 10b-5, 17 C.F.R. § 240.10b-5, a provision and issue having nothing to do with this lawsuit. *Id.* at 46-47.

9

| | |
|---|---|
| Dated: July 1, 2022 | By: /s/ Alyssa A. Sussman<br>Alyssa A. Sussman<br>GOODWIN PROCTER LLP<br>The New York Times Building<br>620 Eighth Avenue<br>New York, NY 10018<br>Phone:  (212) 813-8800<br>Fax:     (212) 355-3333<br>*asussman@goodwinlaw.com*<br><br>W. Kyle Tayman (*pro hac vice*)<br>Brooks R. Brown (*pro hac vice*)<br>GOODWIN PROCTER LLP<br>1900 N Street, N.W.<br>Washington, DC 20036<br>Phone:  (202) 346-4000<br>Fax:     (202) 346-4444<br>*ktayman@goodwinlaw.com*<br>*bbrown@goodwinlaw.com*<br><br>*Attorneys for Rocket Mortgage, LLC* |

10

## CERTIFICATE OF SERVICE

I, Alyssa A. Sussman, hereby certify that on July 1, 2022, I caused a true and correct copy of the foregoing to be served by electronic means, via the court's CM/ECF system, on all parties registered to receive electronic notices. I also caused a true and correct copy of the foregoing to be served on Plaintiff at the address below via first class mail, postage prepaid and by email at ken@sternlawcollections.com.

    Kenneth D. Stern, Esq.
    3002 Merrick Road
    Bellmore, NY 11710

        /s/ Alyssa A. Sussman
        Alyssa A. Sussman